**The below described is SIGNED.**

**Dated: February 10, 2014**

_/s/ William T. Thurman_
**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**RENEWABLE ENERGY DEVELOPMENT CORPORATION,**<br><br>Debtor. | **PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW RE: MOTION FOR SANCTIONS**<br><br>Case No. 2:12-cv-00771 |
| **ELIZABETH R. LOVERIDGE,**[1]<br>    Chapter 7 Trustee,<br><br>    Plaintiff,<br>v.<br><br>**TONY HALL; ELLIS-HALL CONSULTANTS, LLC; SUMMIT WIND POWER, LLC; SSP, A TRUST (SCOTT RASMUSSEN–Trustee); CLAY R. CHRISTIANSEN; DIANE E. CHRISTIANSEN; RICHARD D. FRANCOM; STEPHEN K. MEYER; BONNIE G. MEYER, and DOES I–X,**<br><br>    Defendants. | Bankruptcy No. 11-38145<br><br>Chapter 7<br><br>Adversary Proceeding No. 12-02225<br><br>District Judge Robert J. Shelby<br><br>Bankruptcy Judge William T. Thurman |

---

[1] The Bankruptcy Court follows the District Court in captioning this Adversary Proceeding. George B. Hofmann, the former Trustee and named plaintiff, has resigned as Trustee of the underlying bankruptcy case; however, the Court notes that the substitute Trustee, Elizabeth R. Loveridge, has not entered a formal appearance in Adversary Case No. 12-02225. The Counterclaim and Third-Party Complaint are clearly against Mr. Hofmann, and not Ms. Loveridge.

**SUMMIT WIND POWER, LLC**,

   Counterclaimant,

v.

**GEORGE B. HOFMANN, Chapter 7 Trustee,**

   Counterclaim Defendant.

**SUMMIT WIND POWER, LLC; and KIMBERLY CERUTI, an individual,**

   Third-Party Plaintiffs,

v.

**PARSONS KINGHORN HARRIS, a professional corporation; GEORGE B. HOFMANN an individual; MATTHEW M. BOLEY, an individual; KIMBERLY L. HANSEN, an individual; VICTOR P. COPELAND, an individual; LISA R. PETERSON, an individual; and MELYSSA D. DAVIDSON, an individual,**

   Third-Party Defendants.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION FOR SANCTIONS**

The matter before the Bankruptcy Court is the Motion for Sanctions under Rule 9011 ("Sanction Motion") filed by Third-Party Defendants Lisa R. Peterson and Melyssa D. Davidson. At the close of Ms. Peterson and Ms. Davidson's evidentiary case-in-chief on January 13, 2014, the Third-Party Plaintiffs, Summit Wind Power, LLC ("Summit Wind") and Kimberly Ceruti, moved for judgment on partial findings (the "Oral Motion") pursuant to Federal Rule of Bankruptcy

Procedure 7052(c).[2]  The Sanction Motion was brought pursuant to Federal Rule of Bankruptcy Procedure 9011 in the Bankruptcy Court against Summit Wind, Ms. Ceruti, and their counsel for including Ms. Peterson and Ms. Davidson in the Third-Party Complaint filed on July 31, 2012 (the "Third-Party Complaint") in Adversary Proceeding No. 12-02225 (the "Adversary Proceeding").[3]  Due to an intervening hearing and issuance of an order from the District Court regarding a motion for withdrawal of the reference, the Sanction Motion was not heard until December 4, 2013.

On December 4, 2013 and January 13, 2014, the Bankruptcy Court conducted an evidentiary hearing and heard oral argument on the Sanction Motion.  Stuart H. Schultz appeared on behalf of Ms. Peterson and Ms. Davidson, and Stephen Wood appeared on behalf of Summit Wind and Ms. Ceruti.  The specific matter on which this Court makes its recommendation is the request of Ms. Peterson and Ms. Davidson that the Bankruptcy Court enter sanctions against Summit Wind, Ms. Ceruti, and their counsel, specifically that the Bankruptcy Court dismiss the Third-Party Complaint against Ms. Peterson and Ms. Davidson and order direct payment of attorney's fees and expenses in bringing the Sanction Motion.  At the conclusion of Ms. Davidson and Ms. Peterson's case-in-chief, the Bankruptcy Court took the Oral Motion under advisement.  The Bankruptcy Court has carefully considered the oral arguments of the parties, the pleadings and other court papers on file, and has conducted its own independent review of applicable law.  The Bankruptcy Court now respectfully issues the following Proposed Findings of Fact and Conclusions of Law to the District Court pursuant to 28 U.S.C. § 157(c)(1).

---

[2] Pursuant to Federal Rule of Bankruptcy Procedure 9013, a motion may be made orally and not in writing if it is made during a hearing.

[3] Docket No. 23 in Adv. No. 12-02225.  Unless otherwise specified, any reference to the Docket is to Adv. No. 12-02225.

## I. JURISDICTION AND VENUE

Jurisdiction of the Bankruptcy Court is an overriding issue in this entire matter. The District Court gave this Court certain instructions when it issued its decision denying the Motion for Withdrawal of the Reference on September 23, 2013 (the "September 23 Order").[4] This Court has concluded that the Sanction Motion is non-core,[5] dispositive, and only barely related to the bankruptcy case. The Court concludes and recommends to the District Court the following as its conclusion on how to address the jurisdictional question in this matter. A summary of the underlying facts is also included.

The Sanction Motion was made by Ms. Peterson and Ms. Davidson, who were brought into the Adversary Proceeding as Third-Party Defendants. The Plaintiff, the Chapter 7 Trustee, sued the Defendants for interfering with his administration of the bankruptcy estate. Summit Wind filed an answer to the complaint and, joined by Ms. Ceruti, filed a counter-claim and third-party complaint alleging, among other claims, breach of fiduciary duty by the Trustee's law firm and individual attorneys within the firm. In the September 23 Order, the District Court found that the "claims [in the Adversary Complaint] spring directly out of the bankruptcy proceeding itself[, and] the counterclaims relate to the Trustee's management of the estate and whether the Trustee maintained an appropriate relationship with the Defendants while performing these management functions."[6]

---

[4] Docket No. 54. The September 23 Order is on appeal to the United States Court of Appeals for the Tenth Circuit.

[5] "The bankruptcy judge shall determine, on the judge's own motion . . . , whether a proceeding is a core proceeding under this subsection or is . . . otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3). This determination is for the Sanction Motion and Oral Motion only. At this time, it is premature for the bankruptcy court to determine whether the claims in the Complaint filed on May 28, 2012 in Adversary Proceeding and the Third-Party Complaint are core or non-core matters.

[6] Docket No. 54, at 27.

The District Court continued: "Given this direct relationship to the bankruptcy proceeding, . . . the bankruptcy judge retain[s] authority to enter final judgment on the claims and counterclaims,"[7] subject to a determination of "whether a claim presents a core or a non-core issue."[8] As the United States Court of Appeals for the Tenth Circuit explained in *Stifel v. Woolsey & Co.*: "The law of the case doctrine obligates every court to honor the decisions of courts higher in the judicial hierarchy. '[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[9] Additionally, the District Court noted that although the Defendants in the Adversary Proceeding are entitled to a jury trial, "[n]othing that the court has said concerning the Defendants' right to a jury affects the bankruptcy court's authority to issue final judgments on any of these claims during pretrial motions."[10]  Thus, in issuing these proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1), the Bankruptcy Court believes it is following the law of the case.

Although a bankruptcy court may enter a final judgment on pretrial motions whether core or

---

[7] *Id.* at 27.

[8] *Id.* at 28–29.

[9] 81 F.3d 1540, 1543 (10th Cir. 1996).

[10] *Id.*; *South Valley Health Ctr., LLC v. Johnson (In re South Valley Health Center, LLC)*, No. 12-CV-1050 TS, 2013 WL 2387678, at *1 (D. Utah May 30, 2013) ("'[A] Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters.' . . . 'The bankruptcy court has authority even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on motions.'") (citations omitted).

non-core,[11] it may not do so if the pretrial motion is a dispositive motion on a non-core matter.[12] The Sanction Motion before the Bankruptcy Court is a pretrial motion attempting to dismiss the Third-Party Complaint against two Third-Party Defendants before trial. Given the sanctions requested, that this Court finds the matters in the Sanction Motion to be non-core, and that the Sanction Motion does not have any affect on the administration of the estate, this Court recommends that the District Court find the Sanction Motion to be a non-core dispositive motion.[13] Therefore, pursuant to 28 U.S.C. § 157(c)(1), the Bankruptcy Court should only issue the following proposed findings of fact and conclusions of law.[14]

## II.  PROCEDURAL BACKGROUND AND PROPOSED FINDINGS OF FACT

1. Renewable Energy Development Corporation ("REDCO") was in the business of negotiating packages of contract and leasehold rights to develop solar and wind energy projects and hiring contractors to implement those projects.

2. REDCO filed its Chapter 7 petition on December 30, 2011, and George B. Hofmann was subsequently appointed as the Chapter 7 Trustee (the "Trustee").

---

[11] *See* Docket No. 54, at 20*; South Valley Health Ctr., LLC*, 2013 WL 2387678, at *1; *Rhino Energy LLC v. C.O.P. Coal Dev. Co. (In re C.W. Min. Co.)*, No. 12-cv-418, 2012 WL 4882295, at *5 (D. Utah Oct. 15, 2012).

[12] *See* Docket No. 54, at 29; *Miller v. Enviro Care, Inc. (In re Rock Structures Excavating, Inc.)*, No. 12-cv-856, 2013 WL 1284969, at *5 (D. Utah Mar. 27, 2013) ("[T]he bankruptcy court has jurisdiction to enter final orders on all determined core claims . . . and proposed findings of fact and conclusions of law for all determined non-core claims.").

[13] *See, e.g.*, *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119, 2014 WL 233827 (N.D. Cal. Jan. 21, 2014) (finding that a Rule 11 motion was dispositive because the motion requested dismissal of the counterclaims as a sanction).

[14] Although it is determined that the Sanction Motion is non-core, the Sanction Motion and Oral Motion were made pursuant to the Federal Rules of Bankruptcy Procedure 9011 and 7052(c). The proposed findings of facts and conclusions of law address the motions under these rules.

6

3. Prior to filing bankruptcy, the REDCO negotiated renewable energy lease option agreements with owners of real property in San Juan County, UT, which granted REDCO the exclusive right and option to lease and obtain easements on the property for the development of renewable energy projects (the "Agreements"). REDCO and the land owners agreed that the option would be exercisable over a period of three years, and REDCO agreed to pay $1,000 to each owner within thirty days of executing the Agreements. REDCO did not make payments on any of the Agreements within the thirty day period.

4. The Trustee alleges that the Agreements are valid, binding, valuable and belong to REDCO's bankruptcy estate, and he subsequently included the Agreements at an auction of REDCO's assets, which sale the bankruptcy court authorized "as is."[15]

5. Before the Trustee's proposed auction, Defendants in the Adversary Proceeding allegedly spoke with the owners of the property and represented that the Agreements were void and convinced the owners to enter into new leases.

6. On March 23, 2012, the Trustee addressed what Ms. Ceruti and Summit Wind term a "cease and desist" letter (the "March 23 Letter") to Tony Hall and Ellis-Hall Consultants ("Ellis-Hall"), and emailed the March 23 Letter to Mr. Hall and Ms. Ceruti, requesting that the parties stop any actions that would interfere with the Agreements.[16] According to the lawsuit, the Defendants failed to abide by the demands in the March 23 Letter, which then lead to the filing of the complaint. This date appears to be a critical date from which allegations of legal malpractice draw from.

---

[15] Docket No. 145 in Bankruptcy Case No. 11-38145. The Trustee claims that at the first auction he received a bid of $210,000 for particular assets, but, at the closing of the sale, due to alleged interference of the Defendants, the value of the assets decreased. *See* Docket No. 1.

[16] Docket No. 51, Ex. B.

7. On April 11, 2012, the Trustee received the Bankruptcy Court's approval to appoint Fabian & Clendenin as special counsel in the REDCO bankruptcy matter.[17] As a result, Fabian & Clendenin brought the Adversary Proceeding against the Defendants on behalf of the Trustee, Mr. Hofmann.

8. In the Complaint, the Trustee, claims that the Defendants violated the automatic stay and tortiously interfered with economic relations, and he requests declaratory judgment that the Agreements are valid and the new leases between the Defendants and the real property owners are void.

9. In response, the Defendants answered and counterclaimed. Summit Wind, whose sole member is Ms. Ceruti, and Ms. Ceruti, joined as a Third-Party Plaintiff, filed a Third-Party Complaint against Parsons Kinghorn Harris ("PKH") and George B. Hofmann, Matthew M. Boley, Kimberley L. Hansen, Victor P. Copeland, Lisa R. Petersen, and Melyssa Davidson as individuals. The Third-Party Complaint alleges breach of fiduciary duty, legal malpractice, breach of contract, tortious interference with contract and prospective economic advantage, economic relations, unjust enrichment, conversion, and requests a declaration that the Trustee be disqualified from the underlying bankruptcy.[18]

10. On July 20, 2012, Defendants Mr. Hall and Ellis-Hall filed a Motion for Withdrawal of the Reference, which Summit Wind and Ms. Ceruti subsequently joined.[19]

11. On November 28, 2012, Ms. Peterson and Ms. Davidson filed the Sanction Motion.

---

[17] Docket No. 80 in Bankruptcy Case No. 11-38145.

[18] Elizabeth Loveridge was appointed as the successor Trustee on August 7, 2012; accordingly, the last request in the Third-Party Complaint is moot. The Court notes that Ms. Loveridge has not been substituted as the named plaintiff in the Adversary Proceeding.

[19] Docket Nos. 19 and 35.

12. On September 23, 2013, the District Court denied the Motion for Withdrawal of the Reference.

13. The United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") granted the Petition for Permission to Appeal the September 23 Order, and the hearing on the appeal is set for May 5, 2014.

14. On December 4, 2013, the Bankruptcy Court heard oral argument and received part of the testimony of Ms. Peterson and continued the hearing on the Sanction Motion to January 13, 2014.

15. On January 6, 2013, one week before the continued hearing date, Summit Wind and Ms. Ceruti moved the District Court to stay the proceedings in the Bankruptcy Court,[20] which motion the District Court subsequently denied on January 10, 2014.[21]

16. At the commencement of the continued hearing on January 13, 2014 before the Bankruptcy Court, Summit Wind and Ms. Ceruti made an oral motion requesting a stay of the proceedings until the Tenth Circuit rules on the September 23 Order. The motion to stay the proceedings was taken under advisement.[22]

17. Before filing the Sanction Motion, Ms. Peterson and Ms. Davidson claim they gave appropriate notice to Summit Wind and Ms. Ceruti, which is not disputed.

18. In response to the Sanction Motion, Summit Wind and Ms. Ceruti contend that based on the facts known to them at the time they filed their counterclaims and third-party complaint, Ms.

---

[20] Docket No. 40 in Case No. 12-cv-00771.

[21] Docket No. 44 in Case No. 12-cv-00771.

[22] The Bankruptcy Court issued a separate order on the Third-Party Plaintiff's motion to stay on February 5, 2014.

Davidson and Ms. Peterson breached their fiduciary duties by failing to disclose a conflict of interest, to properly remedy a conflict of interest, and to request or obtain the informed written consent of Summit Wind or Ms. Ceruti before entering into a conflicted representation.[23]

19. Summit Wind and Ms. Ceruti also allege that Ms. Davidson, Ms. Peterson, and fellow Third-Party Defendants refused to produce documents and files regarding any involvement with or representation of Ms. Ceruti or Summit Wind.[24]

20. At the December 4, 2013 evidentiary hearing before the Bankruptcy Court, counsel for Ms. Peterson and Ms. Davidson stated that documents were produced to opposing counsel, but counsel for Ms. Peterson and Ms. Davidson could not recall whether the documents were Bates-stamped nor did he provide any evidence of producing the requested documents.

21. Ms. Peterson testified that she never represented Summit Wind or Ms. Ceruti, and that her representation was limited to Ellis-Hall regarding an unrelated employment matter that concluded in 2011.

22. Ms. Peterson received forwarded emails from co-workers regarding representation of Ellis-Hall in another matter, the majority of which were initiated by Ms. Ceruti; however, Ms. Peterson believed Mr. Hall to be the owner and client representative, not Ms. Ceruti.

23. In her handwritten notes made in 2011, Ms. Peterson referred to Ms. Ceruti as the manager of Ellis-Hall, but Ms. Peterson explained that her use of the word manager was equivalent to an employee, not a principal.

24. Ms. Davidson had one phone conversation initiated by Ms. Ceruti in February 2011.

---

[23] Docket No. 51, at 3–4.

[24] *Id.* at 6.

When Ms. Davidson realized she could not assist Ms. Ceruti, Ms. Davidson informed Ms. Ceruti that Ms. Davidson would relay Ms. Ceruti's questions to either Matthew Boley or Kimberly Hansen who were attorneys at PKH.

25. After the phone call, Ms. Davidson logged 0.50 hours under the billable bankruptcy matter CFR Investments, LLC, in which proceeding Ms. Ceruti was an unsecured creditor.

26. Ms. Davidson and Ms. Peterson did not conduct an investigation of a potential conflict of interest regarding Summit Wind and Ms. Ceruti at any time.

27. Ms. Peterson and Ms. Davidson did not call Ms. Ceruti or her counsel to testify and concluded their evidence on the Sanction Motion after the testimony of Ms. Peterson and Ms. Davidson.

**III.  DISCUSSION**

The Bankruptcy Court suggests that the District Court consider the following as conclusions of law:

*A.  Judgment on Partial Findings*

At the close of a party's evidence, a party may move for judgment as a matter of law, also referred to as judgment on partial findings, pursuant to Federal Rule of Civil Procedure 52(c), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7052(c). Pursuant to Rule 7052(c), if a party has been fully heard on an issue in a nonjury trial,[25] the court "may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained

---

[25] Although the matter before the Court was an evidentiary hearing, not a nonjury trial, pursuant to Federal Rule of Bankruptcy Procedure 9014, Rule 7052 is applicable in a contested evidentiary matter. FED. R. BANKR. P. 9014(c). Thus, a motion on partial findings is appropriate in this case.

11

or defeated only with a favorable finding on that issue."[26] The court "is not required to consider the evidence in the light most favorable to the plaintiff, but instead must undertake[ ] the fact finding process which involves a weighing of the evidence and an assessment of the credibility of the witnesses to determine whether or not the plaintiff has demonstrated a factual and legal right to relief."[27]

B.    *Rule 9011 Standard*

Federal Rule of Bankruptcy Procedure 9011 is derived from and is similar to Federal Rule of Civil Procedure 11.[28] Accordingly, much of this Court's analysis is based on cases under Rule 11. In pertinent part, Rule 9011 provides:

> By presenting to the court . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . . ;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.[29]

"The determinations required to support the imposition of sanctions under Rule 9011 are the same

---

[26] FED. R. BANKR. P. 7052(c).

[27] *Klein-Becker USA, LLC v. Englert*, No. 06-CV-378, 2011 WL 186447, at *2 (D. Utah Jan. 18, 2011).

[28] *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435, 438 (10th Cir. 1996).

[29] FED. R. BANKR. P. 9011(b).

as those required under Rule 11."[30] "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."[31] The rule "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'"[32] Further, an attorney can rely on the "objectively reasonable representations of [his or her] client."[33]

Rule 11 sanctions are an "extraordinary remedy," and Rule 11 is not "intended to deter cases of first impression or preclude arguments raised in the absence of binding precedent."[34] A court addressing a motion for Rule 9011 sanctions uses "an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[35] "[A] good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances . . . [, and] the [ ] attorney must actually present a colorable claim."[36] If a court finds that a party did not conduct a

---

[30] *Findlay v. Banks (In re Cascade Energy & Metals Corp.)*, 87 F.3d 1146, 1150 (10th Cir. 1996).

[31] *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990).

[32] *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 181 (10th Cir. 1991) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

[33] *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329–30 (2d Cir. 1995).

[34] *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006).

[35] *Bennett v. Soc'y of Lloyd's (In re Bennett)*, No. 07-CV-736, 2008 WL 4415258, at *5 (D. Utah Sept. 24, 2008) (citation omitted).

[36] *White*, 908 F.2d at 680 (citation omitted).

reasonable inquiry, thereby violating Rule 9011, it may issue an "appropriate sanction" against the offending party.[37] The determination of what is an appropriate sanction is left to the court's discretion.[38] This Court also notes that Federal Rule of Civil Procedure 11 was amended in 1983 to delete striking of a document as a specific sanction.[39] By deleting this particular sanction, also reflected in Rule 9011, this Court is persuaded that a strict standard is necessary to use dismissal as an appropriate sanction.[40]

C.  *Position of the Parties*

Ms. Davidson and Ms. Peterson contend that the Third-Party Complaint was drafted in a "shotgun approach," which resulted in a "blunderbuss complaint"[41] entitling them to an order of dismissal as a sanction. They emphasize that there is no other reason the Third-Party Complaint was filed against them other than the 0.50 hours billed by Ms. Davidson and the 2.60 hours billed by Ms. Peterson, which were on completely unrelated matters months before the March 23 Letter was issued. Ms. Peterson and Ms. Davidson contend that the hours billed were for services which concluded in 2011 and that those services were unrelated to the REDCO bankruptcy matter. Further,

---

[37] *Harmon Family Trust v. Thomas (In re Thomas)*, No. WO-08-036, 2008 WL 4570267, at *3 (B.A.P. 10th Cir. Oct. 14, 2008).

[38] *McCabe v. Harmes (In re Harmes)*, 423 B.R. 678, 681 (Bankr. D.N.M. 2010) ("[Rule 9011] is for the most part silent on the type of sanction to be assessed. The 'appropriate' sanction to be imposed is left to the court's discretion.").

[39] The Advisory Committee noted that motions in the nature of dismissal are better handled under Federal Rules of Civil Procedure 8, 12, or 56. FED. R. CIV. P. 11 advisory committee's note (1983).

[40] *See, e.g.*, *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) ("[D]ismissal is a harsh remedy [under Rule 11], not to be utilized without a careful weighing of its appropriateness.").

[41] Docket No. 44, at 20.

Ms. Peterson did not bill any hours to Ms. Ceruti, and neither Ms. Peterson or Ms. Davidson billed any hours to Summit Wind.

Prior to filing the Sanction Motion, counsel for Ms. Peterson and Ms. Davidson contends that he contacted counsel for Summit Wind and Ms. Ceruti to request that they dismiss the complaint against Ms. Peterson and Ms. Davidson. When the action was not dismissed, Ms. Peterson and Ms. Davidson filed the Sanction Motion. Ms. Peterson and Ms. Davidson claim that counsel for Summit Wind and Ms. Ceruti did not conduct a reasonable investigation, and that the relationship shown by the hours billed by Ms. Peterson to Ellis-Hall and Ms. Davidson to Ms. Ceruti, coupled with the lapse of time from their earlier involvement to the March 23 Letter, are not sufficient to warrant their inclusion in the Third-Party Complaint. According to Ms. Peterson and Ms. Davidson, there have been no allegations of improper or substandard legal services, and they claim that they had no professional or personal involvement in any of the matters that gave rise to the Third-Party Complaint, thus they cannot be held liable for any alleged breach of fiduciary duty. They argue that the third-party claims have no basis in either fact or law and do not constitute good faith representations.

Summit Wind and Ms. Ceruti contend that the claims raised in the Third-Party Complaint are well-grounded in fact and the law. Counsel for Summit Wind and Ms. Ceruti argue that at the time of the filing, to the best of their knowledge, they believed that Ms. Peterson and Ms. Davidson in some capacity provided representation that created a fiduciary duty to Ms. Ceruti and Summit Wind. Specifically, they allege that Ms. Peterson and Ms. Davidson knew that Ms. Ceruti was a client of PKH given that Ms. Ceruti is a principal of Ellis-Hall and she was billed directly for Ms. Davidson's services. According to the argument of Summit Wind and Ms. Ceruti, by Ms. Peterson

and Ms. Davidson allegedly failing to disclose a conflict of interest, to properly remedy a conflict of interest, and to request or obtain the informed written consent of Summit Wind and Ms. Ceruti before entering into an alleged conflicted representation, Ms. Peterson and Ms. Davidson allegedly breached their fiduciary duty under Utah Rules of Professional Conduct 1.7, 1.10(a), and 1.1. By way of summary, Summit Wind and Ms. Ceruti allege that Ms. Peterson and Ms. Davidson breached their professional duties, causing harm to Summit Wind and Ms. Ceruti.[42]

Summit Wind and Ms. Ceruti also state that they are not moving under a vicarious liability theory, and cite to the Utah Court of Appeals decision in *Kilpatrick v. Wiley*[43] and other case law for support of the claim for breach of fiduciary duty.[44] They further argue that they and their attorney made informal discovery requests on Ms. Peterson and Ms. Davidson and that they failed to provide any additional information that would alter Summit Wind, Ms. Ceruti or their counsel's "reasonable belief" that Ms. Peterson and Ms. Davidson should be included in the Third-Party Complaint. Based on a reasonable inquiry and the facts known at the time, Summit Wind and Ms. Ceruti contend that the Third-Party Complaint properly outlines that Ms. Peterson and Ms. Davidson breached their fiduciary duty. Summit Wind and Ms. Ceruti conclude that there is a colorable claim against Ms. Peterson and Ms. Davidson and that hindsight with the Sanction Motion should not be used to address the claims, but rather the facts known or available at the time of filing.

D.      *Analysis of Rule 9011 Motion*

Ms. Peterson and Ms. Davidson failed to present sufficient evidence to the Bankruptcy Court

---

[42] *See* Docket No. 51, at 9.

[43] *Kilpatrick v. Wiley*, 909 P.2d 1283, 1291 (Utah Ct. App. 1996).

[44] Docket No. 51, at 6–10.

that Summit Wind, Ms. Ceruti, and their counsel did not conduct a reasonable inquiry before filing the Third-Party Complaint. Both Ms. Davidson and Ms. Peterson testified that they did not believe Ms. Ceruti to be their client, but no evidence was presented as to what Ms. Ceruti and her counsel reasonably believed or into what they reasonably inquired. Summit Wind and Ms. Ceruti contend that there was a lack of cooperation from Ms. Peterson and Ms. Davidson in providing firm information regarding any representation of Ms. Ceruti or Summit Wind. Ms. Peterson and Ms. Davidson's counsel did not provide any evidence that they sent documents to counsel for Summit Wind and Ms. Ceruti nor could Ms. Peterson and Ms. Davidson's counsel remember, in argument, if any documents were Bates-stamped. Ms. Peterson and Ms. Davidson simply presented evidence that goes to the merits of the claims against them, not to whether a reasonable inquiry was conducted or if Summit Wind, Ms. Ceruti, and their counsel had a good faith belief in their claims. The argument of Ms. Peterson and Ms. Davidson that they provided information sufficient for Summit Wind and Ms. Ceruti to voluntarily dismiss the Third-Party Complaint is not enough to grant their Sanction Motion without a showing of what a reasonable attorney would have believed at the time of the filing of the Third-Party Complaint.

It is likely that Ms. Peterson and Ms. Davidson could have the claims against them dismissed under another standard or rule; however, the evidence provided does not rise to a level that warrants Rule 9011 sanctions. Again, Ms. Peterson and Ms. Davidson presented little or no evidence of what reasonable inquiry, or lack thereof, was conducted by Summit Wind, Ms. Ceruti or their counsel. Rule 9011 is applied in limited circumstances,[45] and there was little presented to the Bankruptcy Court that shows a violation of Rule 9011 occurred that would warrant sanctions. Although the law

---

[45] *See Greeley Pub. Co.*, 233 F.R.D. at 611.

may not extend as far as Summit Wind and Ms. Ceruti argue regarding Ms. Peterson and Ms. Davidson's potential liability for breach of fiduciary duty, Summit Wind and Ms. Ceruti have presented a colorable argument, and it does not appear that the claims were brought to delay, harass, or engage in any other improper purpose.  Accordingly, the Bankruptcy Court proposes that the District Court should deny the Sanction Motion and accept the Proposed Findings of Fact and Conclusions of Law.

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be effected through the Bankruptcy Noticing Center to each party listed below.

William B. Ingram
Stuart H. Schultz
STRONG & HANNI
3 Triad Center, Ste. 500
Salt Lake City, UT 84180
  *Attorneys for Third-Party Defendants*

Mary Anne Q. Wood
Stephen Wood
WOOD BALMFORTH LLC
60 East South Temple, Ste. 500
Salt Lake City, UT 84111
  *Attorneys for Third-Party Plaintiffs*

A copy of the foregoing was hand delivered to Judge Shelby's chambers.